**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **GARRETT LOOMIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:19-cv-1009** |
| | ) | |
| **AMERISTAR CASINO KANSAS CITY, LLC, JOHN DOE 1, and JOHN DOE 2,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT AMERISTAR CASINO KANSAS CITY, LLC'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S PETITION**

COMES NOW Defendant Ameristar Casino Kansas City, LLC ("Ameristar" or "Defendant"), and for its Suggestions in Support of its Motion to Dismiss Plaintiff's Petition pursuant to M. Sup. Ct. R. 54.21, and Fed. R. Civ. P. 12(b)(4), 12(b)(5), 12(b)(6), and 41(b), states as follows:

## I. INTRODUCTION

Plaintiff alleges that, in December 2017, Ameristar asked him to leave its casino because it mistakenly believed he was intoxicated due to his impaired movement, which he claims was actually caused by a previous injury. ECF No. 1-2 at pp. 12-20, Plaintiff's Amended Petition (the "Amended Petition") at ¶¶ 16-22. Plaintiff asserts a single claim for disability discrimination under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.*, arguing that Ameristar required him to leave its property because of his disability.

This claim is not actionable because a defendant who acts on a non-discriminatory belief that turns out to be wrong is not liable for discrimination. *See, e.g. Pulczinski v. Trinity*

*Structural Towers, Inc.*, 691 F.3d 996, 1002-1004 (8th Cir. 2012). Here, Ameristar did not ask Plaintiff to leave due to any animus against disabled customers or because Ameristar believed Plaintiff even had a disability, but rather because it believed he was intoxicated. Even if this believe was erroneous, as Plaintiff alleges, the mistaken belief does not give rise to a discrimination claim.

Additionally, Plaintiff's claim should be dismissed because he failed to timely serve process. Plaintiff filed his Petition on May 28, 2019. Under Missouri law, process must be served within thirty days, or – with leave of the court – within 60 additional days. M. Sup. Ct. R. 54.21. Plaintiff did not serve the summons until November 18, 2019, or 174 days after filing his Petition. Plaintiff did not seek leave for a 60-day extension and, even if he had, the service would still have been untimely. For this reason alone, Plaintiff's claims should be dismissed. *See, e.g. Boyle v. American Auto Service, Inc.,* 571 F.3d 734, 737 (8th Cir. 2009).

## II. FACTS AND ALLEGATIONS

Plaintiff alleges that sometime prior to December 25, 2017, he suffered a brain injury and subsequent stroke that partially impaired the use of one side of his body. Amended Petition at ¶¶ 20-21. On December 25, 2017, Plaintiff visited the Ameristar Casino for a social outing. *Id.* at ¶ 15. He alleges that, after 30 minutes to one hour, two security guards accused him of being intoxicated and told him he needed to leave the premises. *Id.* at ¶ 17-19. Plaintiff allegedly explained to the security guards that he had not been drinking, but that he had suffered an injury that partially impaired his movements. *Id.* at ¶ 20. Plaintiff alleges that the security guards responded, "you've had enough [alcohol] for tonight," and forced him to leave the property. *Id.* at ¶¶ 20-21.

Plaintiff filed a charge of discrimination on May 15, 2018. Amended Petition at ¶ 12. He received a right to sue notice on March 1, 2019, providing him 90 days, until May 30, 2019, to file a lawsuit. *Id.* at ¶ 13, Exhibit B. Plaintiff filed his Petition on May 28, 2019, in the 7th Judicial Circuit Court for Clay County, Missouri (the "State Court"). ECF No. 1-2, at p. 2. A summons was issued on June 12, 2019. *Id.* at p. 12. Pursuant to Missouri law, Plaintiff was required to serve the summons within 30 days. M. Sup. Ct. R. 54.21. In the event service could not be made within 30 days, Plaintiff was required to return the summons to the State Court with a statement of the reason for his failure to serve the summons. *Id.* The State Court had discretion to extend the time for service for up to 60 additional days if Plaintiff had sought such an order. *Id.*

Plaintiff did not serve the summons within 30 days. ECF No. 1-2 at p. 21. He also did not provide a statement to the State Court of the reason for his failure to serve the summons. *Id.* He did not request or receive an order from the State Court extending his time to serve the summons. *Id.* Instead, on August 22, 2019, Plaintiff filed his Amended Petition and requested a second summons from the court clerk. *Id.* at pp. 12-21. Plaintiff received a second summons on August 23, 2019. *Id.* at p. 22. However, that summons named the wrong party, Ameristar Casino Kansas City, Inc., not Ameristar Casino Kansas City, LLC. *Id.* Again, Plaintiff failed to serve the second summons within 30 days, did not provide a statement to the State Court of the reason for his failure to serve the summons, and did not request or receive an order from the State court extending his time to serve the summons. *Id.*

On November 12, 2019, Plaintiff requested a third summons from the court clerk. *Id.* at p. 23. Like the second summons, the third summons named the wrong party, Ameristar Casino Kansas City, Inc., not Ameristar Casino Kansas City, LLC. *Id.* On November 14, 2019, Plaintiff

improperly served the first summons, which had long since expired, on Ameristar's registered agent. *Id.* at p. 28. On November 18, 2019, 174 days after filing his Petition, Plaintiff served the third summons, which names the wrong party, on Ameristar's registered agent. On December 16, 2019, Ameristar removed the case to this Court based on diversity jurisdiction.

Ameristar's registered agent is clearly listed with the Missouri Secretary of State. Exhibit A. Plaintiff has not stated and cannot state any reasonable basis for waiting 174 days before serving his Petition. Even if Plaintiff had received the maximum 60-day extension allowable under Missouri law for service of the summons (which he did not request or receive), his service would still have been untimely, and the summons served was issued to the wrong party.

## III. ARGUMENT

### A. Plaintiff's Claims Should be Dismissed for Failure to Timely Serve his Petition.

Under Missouri law, a plaintiff must serve a summons within 30 days of its issuance unless (1) he returns the summons to the court within 30 days of its issuance along with a statement of the reason for the failure to serve the summons, and (2) obtains an order from the court extending the time for service, up to a maximum of 90 days. Specifically, the Missouri Supreme Court Rules state:

> The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court <u>within thirty days</u> after the date of issue with a <u>statement of the reason for the failure to serve the same</u>; provided, however, that the time for service thereof may be extended up to <u>ninety days from the date of issue</u> by order of the court.

*See* M. Sup. Ct. R. 54.21 (emphasis added).

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss the action if the plaintiff fails to prosecute or comply with the rules of procedure or a court order. The Eighth Circuit has expressly held that a case should be dismissed under Fed. R. Civ. P. 41(b) for

failure to timely serve a petition in accordance with Missouri law where the plaintiff has no justification for the delay. *Boyle v. American Auto Service, Inc.*, 571 F.3d 734, 737 (8th Cir. 2009)

Here, as described above, Plaintiff failed to serve the summons in this case within 30 days, failed to state any basis for his failure to serve the summons, and failed to request an extension of time in which to serve the summons. In fact, even if Plaintiff had requested and obtained an extension of time, he still did not serve the summons within the maximum amount of time, 90 days after the date the summons was issued, that may have been provided by the State Court under Missouri law. Ameristar has a registered agent for service listed with the Missouri Secretary of State. Plaintiff has no justification for his failure to comply with Missouri law and timely serve his Petition.

The Eighth Circuit addressed nearly identical circumstances in *Boyle v. American Auto, supra.* There, the plaintiff timely filed a lawsuit in the Circuit Court of Clay County. *Boyle,* 571 F.3d at 735. As here, the defendant had a registered agent for service. *Id.* at 736. Still, the plaintiff failed to serve the original summons. *Id.* at 735. The plaintiff also failed to provide a statement of the reasons for failing to serve the summons or to request a 60-day extension to effect the service. *Id.* at 742. Instead, after 44 months, the plaintiff obtained and served a second summons. *Id.* The defendant removed the case to federal court based on diversity jurisdiction and subsequently filed a motion to dismiss the plaintiff's lawsuit based on the plaintiff's failure to serve the original summons within 90 days of filing the lawsuit. *Id.* at 736.

Under those circumstances, the Eighth Circuit expressly held that the plaintiff "*did not comply with Missouri law.*" *Id.* at 742 (emphasis in original). The Court found that "Missouri law required [the plaintiff] to serve process upon [the defendant] 'within 30 days after a

summons is issued.'" *Id. citing* Mo. Sup. Ct. R. 54.21 ("'The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it *shall be returned to the court within thirty days* after the date of issue with a statement of the reason for the failure to serve the same . . . .')" (emphasis in original). The Eighth Circuit explained: "Not only did [the plaintiff] not serve the first summons within the 30-day period or return it to the court with a statement of reasons for failing to serve [the defendant], he never asked for a 90-day extension to effect service." *Id.* "Instead, [the plaintiff] procured a second summons." *Id.*

The Eighth Circuit upheld dismissal of the plaintiff's claim under Fed. R. Civ. P. 41(b) because the plaintiff failed to comply with procedural rules governing service of his lawsuit and offered no justification for his delay. *Boyle*, 571 F.3d at 742-743. The Court further noted that, even if the plaintiff had been able to provide a justification, his lawsuit should still be dismissed if the defendant suffered prejudice. *Id.* at 743.

Here, as in *Boyle*, Ameristar has a registered agent for service in Missouri. Plaintiff failed to timely serve his summons and failed to return the summons to the State Court with an explanation for his failure to serve the summons. Also as in *Boyle,* Plaintiff failed to request or obtain an extension to serve the summons, but instead let it expire and obtained a second summons. Here, even worse than the plaintiff in *Boyle,* Plaintiff allowed the second summons to expire, and again did not request an extension or provide a reason for his failure to serve the summons, but later requested a *third* summons.

Even if Plaintiff was able to provide a justification for his failure to timely serve the summons (which he cannot), his claims should still be dismissed because his failure to comply with the law has prejudiced Ameristar. Plaintiff filed his petition two days before the statute of

limitations ran. He then waited six months to attempt service. When Plaintiff finally attempted service, he served an expired summons on November 14, 2019, followed by a summons addressed to the wrong party four days later. These circumstances alone evidence prejudice to Ameristar. For example, where a party filed a complaint "one day before the statute of limitations expired (approximately two years after their cause of action accrued)," and "then waited another seven months to serve [the defendant]," the Fifth Circuit found that "[p]ermitting an extension after such a delay is prejudicial by its very nature." *Gartin v. Par Pharm. Cos.*, 289 Fed. Appx. 688, 694 (5th Cir. 2008). The court explained:

> To permit a delay in service when the complaint is served immediately prior to the running of the statute of limitations undercuts the purposes served by the statute. Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims.

*Id.*

Here, as in *Gartin*, nearly two years have now passed since the alleged incident occurred. After the notice of right to sue was issued by the Missouri Human Rights Commission, Plaintiff had until May 2019 to bring his lawsuit. Following the expiration of all of Plaintiff's deadlines to file suit and to serve the summons, Ameristar was reasonably justified in determining that this matter had concluded. It is not reasonable to require a party to retain records and keep track of potential witnesses long after all deadlines to bring an action have expired. Any holding otherwise would substantially prejudice any party who does not indefinitely retain records and remain apprised of the locations of potential witnesses.

For these same reasons, the legislature has provided a strict deadline of 90 days in which to bring a lawsuit following the issuance of a right to sue notice. The legislature has also

provided a strict deadline of 30 days, subject to a maximum potential extension of 60 additional days (90 days total from the date of issuance), in which to serve a summons. Allowing a plaintiff to maintain a claim after ignoring these deadlines would clearly contravene the intent of the legislature and render the rules meaningless.

Following the right to sue notice issued on March 1, 2019, Plaintiff had until May 30, 2019, to file a lawsuit. Plaintiff's lawsuit should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for his failure to timely serve the Petition without any justification.

### B. Plaintiff's Claims Should be Dismissed for Insufficient Process and Insufficient Service of Process.

Pursuant to Fed. R. Civ. P. 12(b)(4), a claim may be dismissed for insufficient process. Under Fed. R. Civ. P. 12(b)(5), a claim may be dismissed for insufficient service of process. "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin*, 289 Fed. Appx. at 691 n. 3 (5th Cir. 2008) *citing* 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1353. Here, Plaintiff's claims suffer both defects.

As described in detail above, Plaintiff failed to comply with Missouri law governing service of his summons. M. Sup. Ct. R. 54.21 requires that a party serve a summons within 30 days, or return the summons with an explanation of why it could not be served and request an extension of up to 60 additional days to effect service. Here, Plaintiff let multiple summonses expire, did not provide any explanation as to why they could not be served, and did not request any extension. Instead, he simply requested additional "alias" summonses over a six-month period, and ultimately served an invalid alias summons.

Plaintiff served an expired summons on November 14, 2019, followed by a summons that named the wrong party on November 18, 2019. "In cases like this one, where the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or under Rule 12(b)(5) on the ground that the wrong party - a party not named in the summons - has been served." *Gartin*, 289 Fed. Appx. At 691 n. 3. *See also Adkins v. Option One Mortg. Corp.*, 2009 U.S. Dist. LEXIS 46, *18, No. 08-0286-CV-W-FJG (W.D. Mo. Jan. 5, 2009) (dismissing claims under Rules 12(b)(4) and 12(b)(5) for failure to comply with rules governing service of process or to request an extension of time in which to accomplish proper service).

The summons Plaintiff served on November 14, 2019, was invalid because it was expired. The summons Plaintiff served on November 18, 2019, was invalid because it was obtained improperly and it named the wrong party. Even if process had been sufficient, which it was not, Plaintiff also failed to sufficiently serve process because his service was untimely. Accordingly, his claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

**C. Plaintiff's Claims Should be Dismissed for Failure to State a Claim.**

Even if the Court denies Ameristar's motion to dismiss pursuant to Rules 12(b)(4), 12(b)(5), and 41(b), Plaintiff's action must still be dismissed for failure to state a claom pursuant to Fed. R. Civ. P. 12(b)(6). "Failure to state a claim upon which relief can be granted," is a basis to dismiss a complaint. FRCP 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Plausibility, in

the context of a motion to dismiss, means that the plaintiff has pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires a two-prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. *Id*. at 1950

Here, Plaintiff's allegations do not plausibly suggest an entitlement to relief. Plaintiff claims that two security guards for Ameristar mistook his disability for intoxication and required him to leave the premises for the night. As a matter of law, this does not constitute disability discrimination. To establish disability discrimination, a plaintiff must show that the defendant "acted 'because of' the known disability." *Pulczinski v. Trinity Structural Towers, Inc*., 691 F.3d 996, 1002-1003 (8th Cir. 2012). "In other words, [the plaintiff] must prove that [the defendant] was ***motivated by*** knowledge of the disability." *Id.* at 1003 (emphasis added).[1] A plaintiff must prove that the defendant "acted with an intent to discriminate, not merely that the reason stated by [the defendant] was incorrect." *Id.* "Taken alone, that [the defendant's] belief turns out to be wrong is not enough to prove discrimination." *Id.* *See also Raytheon Co. v. Hernandez*, 540 U.S. 44, 55, 124 S. Ct. 513, 157 L. Ed. 2d 357 (2003) (holding that a plaintiff must show *discriminatory intent*, not just discriminatory *impact*).

[1] The *Pulczinski* case was decided under the ADA rather than the MHRA. However, both statutes require discrimination "because of" a disability, and both apply the same "motivating factor" standard to define "because of." *See* Mo. Rev. Stat. § 213.010, making it unlawful to deny any person access to a public accommodation "because of" a disability; Mo. Rev. Stat. § 213.010, defining "because of" to require that the disability was the "motivating factor" of any decision or action.

The allegations here, even if true, do not support a claim for disability discrimination. Even if the security guards were wrong about Plaintiff's intoxication, their mistaken belief does not constitute unlawful discrimination. Plaintiff does not allege that Ameristar removed him from the property because Ameristar desires not to serve customers with brain injuries. Rather, he alleges that Ameristar erroneously believed he was intoxicated as a result of his alleged disability. Even taking Plaintiff's allegations as true, Ameristar was not motivated by knowledge of Plaintiff's disability (in fact, it did not even possess such knowledge), but by its mistaken belief that Plaintiff was intoxicated. This is not actionable. Accordingly, Plaintiff's claims should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

Based on the foregoing reason, Defendant respectfully requests that Plaintiff's claims be dismissed with prejudice.

Respectfully submitted,

*/s/ Phillip C. Thompson*

Kyle B. Russell, MO Bar # 52660
Phillip C. Thompson, MO Bar # 69915
JACKSON LEWIS P.C.
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Kyle.Russell@jacksonlewis.com
Phillip.Thompson@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*
*AMERISTAR CASINO KANSAS CITY, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 23rd day of December 2019, a true and accurate copy of the above and foregoing was filed electronically via the Court's CM/ECF electronic filing system to the following counsel of record:

Kirk D. Holman
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
kholman@hslawllc.com

*ATTORNEY FOR PLAINTIFF*

*/s/ Phillip C. Thompson*
AN ATTORNEY FOR DEFENDANT
AMERISTAR CASINO KANSAS CITY, LLC

4847-1273-1311, v. 2