IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GARRETT LOOMIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-01009-DGK |
| | ) | |
| AMERISTAR CASINO KANSAS CITY, LLC, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

This case concerns Plaintiff Garrett Loomis' claim of disability discrimination under the Missouri Human Rights Act ("MHRA"). Plaintiff alleges that Defendant Ameristar Casino Kansas City, LLC ("Ameristar") improperly escorted him off its premises in December 2017 after mistaking his impaired, disability-related movements for intoxication. Now before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4)–(6) and 41 (Doc. 6). For the reasons stated below, the motion is GRANTED. The Court also DENIES Plaintiff's motion to remand (Doc. 9).

**Background**

On December 25, 2017, Plaintiff took a social outing to the Ameristar Casino. After no more than one hour, he was forced off the premises after two security guards, Defendants John Doe 1 and John Doe 2, accused him of being intoxicated. Despite Plaintiff's explanation that he suffered from a brain injury and was not intoxicated, he was still made to leave.

On May 15, 2018, Plaintiff filed a complaint with the Missouri Commission on Human Rights ("MCHR") based on this incident, claiming Ameristar discriminated against him because of his disability. Plaintiff named only Ameristar in his complaint. The MCHR began its

investigation, which included requesting from Ameristar a position statement in response to Plaintiff's complaint. Despite receiving an extension of time to submit its statement, Ameristar failed to do so. This statement would have allowed Ameristar to provide the contact information of "the person or entity authorized to accept service on behalf of [Ameristar]" if the contact information provided by Plaintiff in the MCHR complaint was inaccurate (Doc. 8-2 at 25).

On March 1, 2019, Plaintiff received a right-to-sue letter from the MCHR based on his complaint. The only Respondent listed in the letter was Ameristar. This letter only authorized suit against the named Respondent(s) and clearly stated that the right to sue would be lost if not completed within ninety days within the date on the letter (Doc. 8-2 at 2). Plaintiff timely filed his complaint in state court on May 28, 2019. The state court issued a summons on June 12, 2019. That summons was not served upon Ameristar until November 14, 2019.

On August 22, 2019, Plaintiff filed an amended complaint in state court. This complaint included "John Doe 1" and "John Doe 2" as defendants, indicating Plaintiff's desire to join the two security guards who escorted Plaintiff out of Ameristar. The court issued an alias summons the next day which named "Ameristar Casino Kansas City Inc." as the Defendant/Respondent (Doc. 1-2 at 22). This alias summons does not appear to have been served. On November 12, 2019, Plaintiff requested a second alias summons—his third requested summons—which was issued that same day (Doc. 1-2 at 23–25). That summons also listed Defendant/Respondent as "Ameristar Casino Kansas City Inc." This second alias summons was served upon Ameristar on November 18, 2019 (Doc. 1-2 at 28).

Ameristar removed the case to this Court pursuant to 28 U.S.C. § 1441 based on the diversity of citizenship under 28 U.S.C. § 1332. Upon removal, Ameristar moved to dismiss under Federal Rules of Civil Procedure 12(b)(4)–(5) and 41(b). Because the delay giving rise to

Ameristar's motion occurred before removal to this Court, the operative procedural law is that of the state of Missouri, which is not disputed by the parties.

**Discussion**

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) provide an affirmative defense for insufficient process and insufficient service of process. *See Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 884 n.2 (8th Cir. 1996) (noting that the distinction between Fed. R. Civ. P. 12(b)(4) and 12(b)(5) is "often blurred"). Ameristar, in its pre-answer motion, contends that Plaintiff's summons was fatally flawed when it misidentified them,[1] giving rise to its affirmative defense under Fed. R. Civ. P. 12(b)(4) for insufficient process. Ameristar also contends that the summons and complaint were improperly served due to the expiration of the first summons without service, the basis for its Fed. R. Civ. P. 12(b)(5) affirmative defense.

State procedural rules, such as rules regarding the sufficiency of process and service of process, govern until a case is removed to federal court. *Boyle v. Am. Auto Serv., Inc.*, 571 F.3d 734, 741 (8th Cir. 2009) (citing *Winkels v. George Hormel & Co.*, 874 F.2sd 567, 568 (8th Cir. 1989)). Here, Ameristar's claims of insufficient process and insufficient service of process both arose before this case was removed to this Court. Thus, the applicable procedural rules are those of the state of Missouri.

Mo. S. Ct. R. 54.21 governs the allotted time to serve a summons, which requires a party to "make return of service promptly." If such service cannot be accomplished within "thirty days after the date of issue," the time for service may be "extended up to ninety days from the date of issue by order of the court" upon the showing of a statement of reason for the failure. Mo. S. Ct.

---

[1] The issue seems to be that Plaintiff named "Ameristar Casino Kansas City *Inc.*" as Respondent in his subsequent summonses, rather than "Ameristar Casino Kansas City *LLC.*" A mere misnomer, however, is not grounds for dismissing an action because the name can be corrected. *Kennedy v. Empire Gas Co., Inc.*, 756 S.W.2d 945, 948 (Mo. Ct. App. 1988) (internal citation omitted).

R. 54.21; *see also Boyle*, 571 F.3d at 742 (finding that plaintiff who failed to serve summons upon defendant within the thirty-day window and did not receive an extension to effect service was not "within his rights under Missouri law").

Under Missouri law, "process that has not been served expires . . . and thereafter confers no authority." *Fillingame v. McCoy*, 622 S.W.2d 344, 345 (Mo. Ct. App. 1981). Plaintiff does not contend that he served Ameristar within the thirty-day window provided by Rule 54.21. He also does not contest that he failed to provide a statement of reason and a court order to extend the time limit to serve Ameristar. Finally, even if he had extended the time limit, Plaintiff did not serve Ameristar with the original summons within an expanded ninety-day window.

Plaintiff's summons issued on June 12, 2019, was not served until November 14, 2019. Without a court order, this summons expired July 12, 2019, and even with a court order, the deadline would have been on or around September 10, 2019. Plaintiff was well outside of both time periods. While Plaintiff offers this Court a justification for the delay, such justification is irrelevant at this point. The statement of reasons needed to have been offered to the state court on or before July 12, 2019.

Rather than argue that he properly served this initial summons, Plaintiff instead contends that process was sufficient based on his serving of an alias summons. He justifies the delay in service by claiming he was searching for the identities of the two security guards who removed him from Ameristar's premises—John Does 1 and 2. Because he filed an amended complaint and can justify his delay, Plaintiff claims the time to properly serve Ameristar restarted when he amended his complaint in August 2019.

But Plaintiff's arguments are unavailing. The purpose of a summons is "to place a defendant on notice of an action filed against [it] to enable the defendant to appear and defend

against the action." *Christianson v. Goucher*, 414 S.W.3d 584, 588 (Mo. Ct. App. 2013). Mo. S. Ct. R. 54.21 clearly identifies a thirty-day time limit and requires the prompt service of a summons. It also clearly sets forth the proper procedure if thirty days is not enough time to serve a defendant. Plaintiff makes no arguments that he followed the proper procedural process. While true that Missouri law does not strictly require "due diligence . . . with respect to service of process," Plaintiff fails to show any efforts to comply with Rule 54.21 before November 2019. *Welch v. BMJA Corp.*, No. 1:18cv224SNLJ, 2019 WL 4305134, at *2 (E.D. Mo. Sep. 11, 2019) (finding that four attempts to serve process that only failed due to defendant's wrongly listing address of its registered agent was sufficient).

When process is so defective "that it amounts to no process at all as where it wholly fails to give the party the information it is expected to convey, or where the attempted service is so faulty that it does not reach the defendant at all, there is a want of jurisdiction . . . ." *Hirst v. Cramer*, 195 S.W.2d 738, 739 (Mo. banc 1946). Here, such defective process applies to both the John Doe defendants and Ameristar. First, neither John Doe defendant had or has any actual notice of this pending suit. Plaintiff did not name them in the MHRA complaint, and they were not part of this lawsuit until after it was amended in August 2019.

Second, Ameristar did not have proper notice of the lawsuit filed in May 2019. While Ameristar was on notice of the MCHR complaint, that notice does not satisfy notice of a pending suit. MHRA complaints may lead to a right-to-sue letter, *see* Mo. Rev. Stat. § 213.111, but right-to-sue letters contain a ninety-day statute of limitations. Allowing Plaintiff to continuously amend his petition and thereby circumvent the limitations on filing suit does not comport with the purpose of including a statute of limitations. Moreover, not every MCHR complaint necessarily leads to a lawsuit, and so notice of a MCHR complaint is insufficient for notice under Mo. S. Ct. R. 54.21.

Plaintiff also contends that his suit is properly before the court under Mo. S. Ct. R. 54.22. Rule 54.22 allows "the *correction* of the memorialization of service." *Christianson v. Goucher*, 414 S.W.3d 584, 590 (Mo. Ct. App. 2013) (emphasis added). This correction is allowed when the service was, as an "uncontroverted fact," proper, but failed for some other reason. *Id*.; *see also Eagle Star Group, Inc. v. Marcus*, 334 S.W.3d 548 (Mo. Ct. App. 2010). Thus, for this rule to even apply, service must have been executed properly, which here means within the allotted time period. But because service was not properly executed, Rule 55.22 cannot save Plaintiff.

Because Ameristar was not properly served with process under Mo. S. Ct. R. 54.21, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(5). The Court also holds that, had the summons been properly served, the misnomer in Ameristar's name would be insufficient grounds for dismissal. Finally, while Ameristar also seeks dismissal under Fed. R. Civ. P. 41 for lack of prosecution, Rule 12(b)(5) is a better vehicle for dismissal at this point in the proceeding.

**Conclusion**

For the reasons stated above, this case is DISMISSED without prejudice under Federal Rule of Civil Procedure 12(b)(5). Because of this, Plaintiff's motion for remand is DENIED.

**IT IS SO ORDERED.**

Date: March 20, 2020     /s/ Greg Kays
                         GREG KAYS, JUDGE
                         UNITED STATES DISTRICT COURT